IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-01166-KMT-BNB

CHERRY CREEK MORTGAGE COMPANY, INC.,

    Plaintiff,

v.

JOHN S. K. CHIU; and
ROSE LIN CHIU,

    Defendants.

---

**ORDER**

---

    This matter is before the court on "Plaintiff's Motion to Strike Designation of NonParties at Fault." [Doc. No. 16, filed August 1, 2008]. The defendants filed a Response on August 21, 2008 [Doc. No. 24] and the plaintiff Replied on September 5, 2008 [Doc. No. 34].

    The issue presented is whether the defendants are entitled to designate nonparties at fault pursuant to C.R.S. § 13-21-111.5(2) when the Complaint against them alleges only contract and equitable claims. I find that such a designation is not allowed.

    *Procedural History*

    The Complaint [Doc. No. 1] in this matter was brought by Cherry Creek Mortgage Company Inc. ("Cherry Creek") against the defendants John S. K. Chiu and Rose Lin Chiu ("the

Chius") alleging that the Chius executed and later defaulted under a promissory note to Cherry Creek securing a loan in the amount of $463,892.00. The Complaint alleges the loan was funded on March 27, 2007, secured by a promissory note which required a monthly payments to Cherry Creek which included amortized principle and interest. The Complaint alleges that the Chius ceased making the monthly payments as required on or about April 1, 2008 and have, therefore, breached the contract between Cherry Creek and the Chius. The three claims for relief, breach of promissory note, money had and received, and unjust enrichment all arise from the loan Cherry Creek made to the Chius, the requirements of the loan documents as executed by the parties and the breach by failure to pay as required.

On July 30, 2008, defendants filed "Defendants John S. K. Chiu and Rose Lin Chiu's Designation of Nonparties at Fault Pursuant to C.R.S. § 13-21-111.5" which stated that certain other entities were "wholly and/or partially at fault (individually "Nonparty" and collectively "Nonparties") with respect to the claims raised by Plaintiff CHERRY CREEK MORTGAGE COMPANY ("Cherry Creek") against the Chius." [Doc. No. 15 at ¶ 1]. The defendants claim that the designated non-parties[1] were "responsible for engineering a large-scale marketing and real estate scam (the "Scam") involving the Orlando Cay Clubs Resort and Academy, of which Scam the Chius were two (2) of more than two-hundred (200) victims" *Id*. at ¶ 2(a). Defendants allege that the nonparties persuaded the Chius to buy property and recommended to the Chius

---

[1]The designated nonparties are: Cay Clubs International, LLC; DC720JV, LLC; IMG Academies LLP; Sunvest Communities USA, LLC; E.W. Sunvest Development, LLC; and, Joseph Goenner.

2

that Cherry Creek act as their lender. *Id*. at ¶ 3. The defendants claim that plaintiff Cherry Creek negligently hired non-party Goenner to perform an appraisal which they say valued the property to be purchased by the Chius at almost five times its real market value. *Id*. at ¶ 2(g). Thereafter, the Chius borrowed funds for purchase of the property from Cherry Creek and went forward with the property purchase.

On September 2, 2008, plaintiff Cherry Creek also filed "Plaintiff and Counterclaim Defendant's Designation of Nonparties at Fault" [Doc. No. 30], naming the same nonparties as being at fault with respect to the plaintiff's liability, if any, on the Chius' counterclaims. Cherry Creek states that based upon the Chuis' allegations against Cherry Creek for negligent misrepresentation, breach of fiduciary duty, negligence, violation of the Colorado Securities Act and violation of the Colorado Organized Crime Control Act, the nonparties "are wholly or partially liable for the Chius' damages arising from the scam." *Id.* at ¶¶ 3-4. Cherry Creek denies any involvement in the scam, if any there was. *Id*. Cherry Creek claims that it, too, relied upon Goenner's appraisal in approving the loan and "[i]f Mr. Goenner's appraisal was intentionally or negligently inaccurate, Cherry Creek was misled to the same extent the Chius would have been." *Id*. at ¶ 6. Cherry Creek alleges, "Mr. Goenner is liable to the Chius for any damages recoverable as a result of his appraisal." *Id*.

*Analysis*

The issue before this court is whether the nonparties can statutorily be designated by defendants to share in liability, if any, to the plaintiff on its contractual and equitable claims.[2]

As a practical matter, if the defendants are found liable to the plaintiff on any of the three contractual and equitable claims against them and the designation of nonparties is permitted, the damages due and owing from the defendants to the plaintiff could be lessened commensurate with their apportioned share of fault. As nonparties, of course, any share of fault apportioned to the nonparties would not result in a judgment collectable by the plaintiff within the context of this case. *Redden v. SCI Colorado Funeral Services, Inc.*, 38 P.3d 75, 80 (Colo., 2001)(courts should construe designation requirements strictly to avoid a defendant attributing liability to a non-party from whom the plaintiff cannot recover.)

Colo. Rev. Stat. § 13-21-111.5 is titled "Civil liability cases--pro rata liability of defendants--shifting financial responsibility for negligence in construction[3] agreements--legislative declaration." Section (1) provides, "In an action brought as a result of a death or an injury to person or property no defendant shall be liable for an amount greater than that represented by the degree or percentage of the <u>negligence or fault</u> attributable to such defendant . . ."(emphasis added). The term "negligence or fault" is repeated several times in the

---

[2]There is no motion pending to strike the designation of nonparties filed by plaintiff/counterclaim defendant. It is beyond dispute that the counterclaims, at least in part, sound in tort.

[3]The latter portions of the statute deal with construction contracts and insurance provisions in those contexts.

4

statute. In fact, the statute is often referred to as the "comparative negligence statute" *See i.e.*, John W. Grund, J. Kent Miller, Graden P. Jackson, *Personal Injury Torts And Insurance,* 7 COLO. PRAC.,§ 13.15 (2d ed. 2008).

Clearly negligence is not the only claim to which the comparative fault provisions apply, otherwise the term "or fault" would be superfluous. The word "fault" has several potentially relevant meanings. "Fault" is defined as synonymous with "negligence," as "a wrong tendency, course, or act," and also as "bad faith or mismanagement." *Harvey v. Farmers Ins. Exchange,* 983 P.2d 34, 38 (Colo.App.,1998)(quoting *Black's Law Dictionary* 608 (6th ed.1990)). Other definitions include "a failure to do what is right," "a wrongdoing of an excusable kind," and "a failure to do something required by law or the doing of something forbidden by law." *Id.* (quoting *Webster's Third New International Dictionary* 829 (1981)).

Any claim to which the comparative fault provisions might apply must be brought "as a result of a death or an injury to person or property. . . ." C.R.S. § 13-21-111.5(1). The statute itself provides a modicum of clarification by stating, "[j]oint liability shall be imposed on two or more persons who consciously conspire and deliberately pursue a common plan or design to commit a tortious act." C.R.S. § 13-21-111.5(4).

The Supreme Court of Colorado has held that the term "tortious act" in § 13-21-111.5(4) includes "any conduct <u>other than breach of contract</u> that constitutes a civil wrong and causes injury or damages." *Resolution Trust Corp. v. Heiserman*, 898 P.2d 1049, 1055 (Colo. 1995)(emphasis added). In so holding, the court stated, "[t]here is no basis to assume that by using the term 'tortious act' in section 13-21-111.5(4) the General Assembly for some reason

5

intended to exclude one or more forms of wrongful conduct from the scope of that term." *Id*. at 1056. "[T]ortious act encompasses any wrongful conduct." *Id*. *See also, Double Oak Const., L.L.C. v. Cornerstone Development Intern., L.L.C.* 97 P.3d 140, 147(Colo. App., 2003) (fraudulent transfers are wrongful acts that may justify an award of actual damages in addition to equitable relief, allowing for a cause of action for conspiracy for which 13-21-111.5(4) is applicable.)

This is illuminating in the negative, instructing that if named nonparties join with a party and conspire to commit a breach of contract **and** the claims brought against that party are seeking damages for breach of contract, C.R.S. § 13-21-111.5 would most certainly be inapplicable and designation of nonparties at fault would be inappropriate. However, merely defining "tortious act" begs the question of whether the plaintiff's claims must charge that a tortious act was committed against it and that the tortious act resulted in the damages plaintiff is seeking (tort claim required) or whether the only relevant inquiry is whether one or more parties in concert with the defendants committed a tortious act which caused death or injury to persons or property, regardless of the structure of the claim (tort act required).

As found by the court in *Resolution Trust*,

> The noun "act" implies a single occurrence, a specific event, one happening. The adjective "tortious" implies an act with an attending injury proximately related to that act. The use of the term "tortious act" implies, therefore, the total act embodying the cause and effect through the continuum of time.

*Id*. at 1055. This language favors an interpretation requiring that the claim for which damages are being sought must allege "tortious" conduct.

6

*Resolution Trust* was differently structured from the case at bar. The issues presented in that case were whether activities other than mere negligence were encompassed by C.R.S. § 13-21-111.5 and whether joint liability could be imposed on the basis of evidence of a course of conduct from which a tacit agreement to act in concert could be implied. At issue in this action is whether joint liability can be used to apportion damages when the claims brought are <u>not</u>, by definition, tortious acts, but the alleged wrongdoing committed by the designated nonparties is a tortious act.

What definitively resolves this issue in favor of the plaintiff in this case is the undisputed principle that neither "a party [n]or non-party may [] be apportioned fault on a claim <u>if it did not owe a duty to the plaintiff</u>." *Miller v. Byrne*, 916 P.2d 566 (Colo. App., 1995)(emphasis added). Provisions of a contract simply cannot be enforced against those who are not parties to the contract. *See Frontier Airlines, Inc. v. United Air Lines, Inc*., 758 F. Supp. 1399 (D.Colo. 1989); *Broderick v. McElroy and McCoy, Inc*., 961 P.2d 504, 506 (Colo.App., 1997).

For instance, in an ordinary claim for bad faith breach of an insurance contract, where the plaintiff seeks damages for the insurance company's bad faith refusal to pay benefits, it would be incongruous for the jury to be instructed to apportion fault to a non-party independent medical examiner. *See Martinez v. Lewis*, 942 P.2d 1219 (Colo. App., 1996). Simply stated, neither a co-defendant nor a designated non-party at fault can be apportioned damages arising out of a claim that could not, in the first instance, have been asserted against it as a defendant. *Harvey v. Farmers Ins. Exchange*, 983 P.2d at 39. None of the nonparties designated by the Chius were parties to the promissory note at the heart of the breach of contract claim and none could be

added as defendants by the plaintiff on the contract and equitable claims charged in the Complaint [Doc. No. 1].

I conclude, therefore, that under this state of the record, Colo. Rev. Stat. § 13-21-111.5(2) is not applicable to the claims brought by the plaintiff and the defendants attempt to apportion liability utilizing this statute is improper. *See Broderick* 961 P.2d at 507(trial court not required to instruct on pro rata liability in action by vendors against brokers for breach of contract and breach of fiduciary duty); COLO. JURY INSTR., CIVIL 9:29, *Negligence and Comparative Negligence and Comparative Fault*, n. 7 and 8 (4th ed. current through August 1, 2007).

It is therefore **ORDERED**

Plaintiff's Motion to Strike Designation of NonParties at Fault [Doc. No. 16] is **GRANTED**. Document No. 15 is hereby **STRICKEN**.

Dated this 11th day of December, 2008.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge